**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MILKBOY CENTER CITY LLC,** individually and on behalf of all others similarly situated,<br>Plaintiff,<br>**v.**<br>**THE CINCINNATI CASUALTY COMPANY,**<br>Defendant. | **CIVIL ACTION**<br><br>**NO. 20-2036** |
| **STONE SOUP, INC.,**<br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br>**v.**<br>**THE CINCINNATI INSURANCE COMPANY,**<br>Defendant. | **CIVIL ACTION**<br>**NO. 20-2614** |

**MEMORANDUM RE: PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL & DEFENDANTS' MOTION TO FILE A SUR-REPLY**

**Baylson, J.** **December 22, 2020**

Plaintiffs Milkboy and Stone Soup have moved for consolidation and appointment of interim class counsel in connection with their lawsuits for COVID-19 business interruption insurance coverage. Defendants oppose the Motion, and have moved for leave to file a Sur-Reply thereto. The Court grants Plaintiffs' Motion and denies Defendants' Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Milkboy is a music venue, bar, and restaurant (Milkboy Compl. 1 ¶ 1, ECF 1, No. 20-cv-2036), and Plaintiff Stone Soup is a catering service. (Stone Soup Compl. 1 ¶ 1, ECF 1, No. 20-cv-2614). Both Plaintiffs are insured by the Cincinnati companies (Milkboy by the Cincinnati

Casualty Company and Stone Soup by the Cincinnati Insurance Company), and both filed claims for business interruption coverage under their insurance policies relating to COVID-19 closures. The Cincinnati companies rejected the claims, and each company filed suit in our District. (Milkboy Compl., ECF 1, No. 20-cv-2036; Stone Soup Compl., ECF 1, No. 20-cv-2614).

## II. PARTIES' ARGUMENTS

### A. Plaintiffs

Both Milkboy and Stone Soup have moved for consolidation of their two cases, and for the appointment of the Barrack, Rodos & Bacine law firm as interim class counsel. (Milkboy Mot. to Consolidate Actions and Appoint Interim Class Counsel, ECF 22, No. 20-cv-2036; Stone Soup Mot. to Consolidate Actions and Appoint Interim Class Counsel, ECF 14, No. 20-cv-2614).

As for consolidation, Plaintiffs point out that the two policies use "identical or nearly identical" language, and that the "construction of their business interruption policies is likely to involve many of the same legal issues." (Pls.' Mot.[1] 3, ECF 14-1, No. 20-cv-2036). Further, they explain that because each Plaintiff's business has been subject to "overlapping government orders," relating to the pandemic, each action will likely present common questions of fact. (Id.)

As for appointing interim class counsel, Plaintiffs explain that Barrack has a litigation team experienced in representing clients affected by the pandemic who have filed business interruption claims. (Id. at 4). They also emphasize that the firm has a long history of prosecuting class actions, has extensive knowledge of class action law and procedure, and is ready to devote resources in order to represent its clients. (Id. at 4–5).

[1] For ease of reference, this Memorandum will cite to the Motion to Consolidate, Opposition, and Reply thereto docketed in Milkboy's case (20-cv-2036). These filings are largely identical, and each lists both plaintiffs.

**B. Defendants**

The Cincinnati companies oppose both consolidation and the appointment of class counsel. They argue that Plaintiffs have not met their burden to show that consolidation "facilitate[s] the administration of justice" or that the appointment of counsel is necessary. (Def.'s Resp. in Opp'n 2, ECF 23).

1. Consolidation

Defendants contend that Plaintiffs' motion only addresses the threshold requirement that the cases have a common issue of fact or law, but makes no showing that consolidation would "facilitate the administration of justice," or "assist in the resolution of any purported common issues." (Id. at 4).

Specifically, Defendants take issue with the fact that the common issues alleged by Plaintiffs focus on the "identical or nearly identical" policy language in the insurance policies, and that Plaintiffs have each been subject to government orders relating to COVID-19. (Id. at 4–5). They argue that these facts are undisputed, and would be outweighed by individualized questions of law and fact if Plaintiffs' claims survive dismissal. (Id. at 5). Providing examples, Defendants point to the following: (1) which government orders applied to each business; (2) to what extent was the virus actually present at Plaintiffs' properties; (3) to what extent did the virus cause physical loss or damage to those properties or neighboring properties; and (4) whether access to the properties was prohibited. (Id.)

Because the motions to dismiss are already briefed, Defendants claim that there is no benefit to consolidation given that these individualized issues would direct the remainder of the cases' proceedings. (Id. at 6–7). Defendants press that any similar legal theories between the two

cases are insufficient to justify consolidation, because those theories rest on disparate facts. (Id. at 6).

Defendants suggest that any efficiencies from consolidation can be reached instead through informal coordination in chambers, such as setting the same due dates for briefing. (Id. at 7).

2. Interim Class Counsel

Defendants raise five main arguments against the appointment of interim class counsel. First, they note that interim class counsel has already been appointed in the Western District of Missouri. (Id.) Second, they argue that Plaintiffs have not met their burden to establish the need for interim class counsel. (Id. at 8–10). Third, they contend that appointment of interim class counsel is improper when there are numerous cases pending in other courts—as is true in this case. (Id. at 10–13). Fourth, they contend that appointment of interim class counsel is not necessary to protect the interests of the putative class. (Id. at 13–14). Fifth, Defendants argue that Plaintiffs have shown no rivalry between representing putative class members in this district. (Id. at 14–15).

**C. Plaintiffs' Reply[2]**

1. Consolidation

Plaintiffs' reply to Defendants' opposition emphasizes that the only prerequisite to consolidation is that "there exists a common question of law or fact" and that the decision is to the discretion of the trial court. (Pls.' Reply 3). And they contend that there

> is – or ought not to be – any debate that the [instant] business interruption coverage actions . . . involve[] common questions of both fact and law, relating to whether Defendants' policies – which contain identical language – should be construed to provide

[2] Plaintiffs' Reply is considerably longer than their initial Motion. Plaintiffs take the position that they made a relatively straightforward motion, and indicate that their Reply is so long because Defendants' Opposition was so long. (Pls.' Reply 2 & n.1, ECF 27). Defendants have requested leave to file a sur-reply; they would like a chance to respond to the lengthier arguments raised by Plaintiffs in the Reply. (Def.'s Mot. for Leave to File a Sur-Reply, ECF 29).

> coverage for the loss of business when Plaintiffs' businesses were shut down by government orders in response to the COVID-19 Pandemic.

(Id.).

Plaintiffs respond to Defendants' enumerated arguments by maintaining that the meaning of the language in Defendants' policies is a central question, and that that meaning remains unaffected even though the Plaintiffs' businesses may have been affected by different locality orders and faced different factual scenarios during the pandemic. (Id. at 4).

2. Interim Class Counsel

Plaintiffs point out that the appointment of interim class counsel in the Missouri actions cited by Defendants actually supports the need for similar action here, so that counsel are positioned to deal with other litigants on a nationwide level. (Id. at 6)

They next reply that Defendants have not identified any "refutation of the Barrack firm's qualifications and commitment to serve as interim class counsel." (Id. at 9). They reiterate that Barrack's appointment as interim class counsel would be beneficial and necessary due to "obvious facts" such as the pandemic and resulting orders that have adversely impacted businesses; the uniform approach taken by Defendants in rejecting business interruption claims; and the desirability of coordinating discovery, motion practice, and settlement negotiations with counsel in other jurisdictions. (Id. at 9–10).

## III. LEGAL STANDARDS

### A. Consolidation

Rule 42 of the Federal Rules of Civil Procedure controls consolidation:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42.

Common questions of law or fact are a prerequisite for consolidation, but they do not mandate consolidation. Farahman v. Rumsfeld, No. CIV.A. 02-1236, 2020 WL 31630709, at *1 (E.D. Pa. Nov. 20, 2002) (Hutton, J.) (citing Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 81 (D.N.J. 1993)). It is ultimately within the Court's discretion to decide whether "consolidation would facilitate the administration of justice." Id. (quoting Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 761 (D. Del. 1991)).

A motion to consolidate can be denied if the common issue is not a principle one, if it will cause delay, or if it will lead to confusion or prejudice at trial. Id. at *2 (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2382 (2d ed. 1995)). Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues. Id. (citing Liberty Lincoln Mercury, Inc., 149 F.R.D. at 81). The Court may deny consolidation when one case is further into the discovery process. Id. (citing 9 Wright & Miller, § 2382 and Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 762 (D. Miss. 1989)).

In conjunction with Rule 42(a), the trial Court has the "inherent power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." Id. at *1 (quoting Liberty Lincoln Mercury, Inc., 149 F.R.D. at 80 (D.N.J. 1993)) (internal quotation marks omitted). The party moving for consolidation bears the burden of proof. Id. (citing In re Consolidated Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J.1998) and Schneck v. Int'l Bus. Machs. Corp., CIV.A. NO. 92-4370, 1996 WL 885789 *3 (D.N.J. June 15, 1996)).

**B. Interim Class Counsel**

Rule 23 of the Federal Rules of Civil Procedure directs that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The factors enumerated in Rule 23(g)(1), governing the appointment of class counsel, also apply to the appointment of interim class counsel. In re Remicade Antitrust Litig., No 17-CV-4326, 2018 WL 514501, *1 (E.D. Pa. Jan. 23, 2018) (Joyner, J.) (citing In re Shop-Vac Mktg. & Sales Pracs. Litig., No. 4:12-md-2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013) and Santos v. Carrington Mortg. Servs., LLC, No. 2:15-cv-864, 2017 WL 215969, at *1 (D.N.J. Jan. 18, 2017)).

Rule 23(g)(1) requires that, in appointing interim class counsel, the Court:

> (A) must consider:
>
> > (i) the work counsel has done in identifying or investigating potential claims in the action;
> > (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> > (iii) counsel's knowledge of the applicable law; and
> > (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>
> (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
>
> (E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1).

## IV. DISCUSSION

This Court will grant Plaintiffs' Motion for both consolidation and appointment of interim class counsel. It denies Defendants' Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion.

### A. Consolidation

As Plaintiffs note, the fact that the same policy language is at issue means that this Court's interpretation of the policy's meaning will control in both cases. Even though each case calls for an application the policy language to different factual circumstances, there are sufficient "common questions of law or fact" such that consolidation is appropriate. See Fed. R. Civ. P. 42. Case law shows that when one insurance policy applies to various parties in similar circumstances, these kinds of cases are frequently consolidated; this has held true in recent COVID-related matters. See, e.g., Travelers Cas. Ins. Co. of Am. v.. Geragos and Geragos, No. CV 20-3619, 2020 WL 6156584 (C.D. Cal. Oct. 19, 2020).

The Court sees no reason why consolidation would cause delay, confusion, or prejudice.

### B. Interim Class Counsel

The Court also agrees with Plaintiff that interim class counsel should be appointed. A review of the Rule 23(g)(1) factors indicates that the circumstances here weigh in favor of granting the motion. Specifically, the Barrack law firm has the experience, knowledge, and resources necessary to represent the potential class. It has already taken on many similar cases since the start of the pandemic. Further, as Plaintiffs point out, the fact that the Western District of Missouri has appointed interim class counsel in similar cases provides support for the same action here. (Pls.' Reply 6). In all, the Court is satisfied that the Barrack firm would be able to "fairly and adequately represent the interests of the class." See Fed. R. Civ. P. 23(g)(1)(B).

### C. Motion for Leave to File a Sur-Reply

As noted above, supra p. 4 n.2, Defendants have requested leave to file a sur-reply in opposition to Plaintiffs' motion. They feel "sandbagg[ed]" by Plaintiffs because Plaintiffs' Reply was much longer than their original motion, and Defendants would like a chance to respond to that. (Def.'s Mot. for Leave to File a Sur-Reply 4, ECF 29). Plaintiffs indicated that their Reply was longer because Defendants submitted a lengthy Opposition. (Pls.' Reply 2 & n.1).

The Court denies Defendants leave to file a sur-reply. It is not in accordance with this Court's pre-trial procedures to routinely allow them, and Defendants did not raise any cross-motions in their Opposition to warrant a sur-reply in support thereof. The legal standards for consolidation and appointment of interim class counsel are clear-cut, and any further argument would be repetitive, unhelpful, and add delay to the resolution of a straightforward motion.

## V. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion for Consolidation and for Appointment of Interim Class Counsel, and denies Defendants' Motion for Leave to File a Sur-Reply. An appropriate Order follows.

**BY THE COURT:**

***s/ Michael M. Baylson***

______________________________

**Michael M. Baylson, U.S.D.J.**

/Volumes/Judge Baylson/CIVIL 20/20-2036 and 20-2614 Milkboy & Stone Soup v Cincinnati Insurance/mem op re mot to consolidate, appt int class counsel, surreply.docx